United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21166
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINTON TAVARES KOONTZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-106-1
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Quinton Tavares Koontz ("Koontz") appeals his sentences for
possession of a firearm by a felon, using or carrying a firearm
during and in relation to a drug trafficking crime, possession
with intent to distribute cocaine, and possession with intent to
distribute five grams or more of cocaine base.  Koontz argues
that under Blakely v. Washington, 124 S. Ct. 2531 (2004), the
district court should have assigned the burden of proof regarding
a reduction for acceptance of responsibility to the Government,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pursuant to U.S.S.G. § 3E1.1(b).  He thus contends that the district court erred in not giving him an additional one-level decrease in his offense level under U.S.S.G. § 3E1.1(b) for acceptance of responsibility.  He argues that this court should reverse his sentences and remand his case for resentencing.

Koontz does not specifically argue that the district court erred in finding that he was not eligible for the additional one-level decrease to his offense level under U.S.S.G. § 3E1.1(b).  Rather, his entire argument relates to who bears the burden of proof for a reduction under U.S.S.G. § 3E1.1(b) in the wake of Blakely.  Koontz's reliance on Blakely is misplaced because this court held in United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), that Blakely does not apply to the United States Sentencing Guidelines.  Accordingly, Koontz's argument has no merit and his sentence is AFFIRMED.  Koontz's motion to substitute counsel is DENIED.